## PETITION FOR WRIT OF *HABEAS CORPUS*

## UNDER 28 U.S.C. §2255

Name:         JUNIOR SYLVIN

Prison #:     81980-004

Place of
Confinement:  FCI Oakdale
              P.O. Box 5000
              Oakdale, Louisiana  71463

### IN THE UNITED STATED DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

JUNIOR SYLVIN,

    Petitioner,

-vs-                          CASE NUMBER: _____
                              (Original #1:09-CR-20264-JLK)

UNITED STATES OF AMERICA,

    Respondent.

### PETITION FOR WRIT OF *HABEAS CORPUS*
### BY PERSON IN FEDERAL CUSTODY

1. The name and location of the court which entered the judgment of conviction and sentence under attack are:

    a. United States District Court, Southern District of Florida (Case #1:09-CR-20264-JLK).

      b.     Honorable James L. King, District Court Judge.

2. The date of the judgment of conviction was July 21, 2010. The date of sentencing was July 21, 2010.

3. The sentence was: 216 months in federal prison.

4. The nature of the offenses: one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base, one count of possession with intent to distribute 500 grams or more of cocaine, unlawful possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking crime, and possession with intent to distribute a detectable amount of cocaine in violation of Title 18 U.S.C. §§ 922(g) and 924(c)(1)(A), and Title 21 U.S.C. §§841(a)(1) and 846.

5. The Petitioner entered a plea of not guilty to the indictment.

6. The Petitioner had a trial by jury.

7. The Petitioner did not testify at this trial.

8. The Petitioner did file a direct appeal from his judgment and sentence.

9. The Petitioner filed the direct appeal to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit the Petitioner's judgment and sentence in an unpublished opinion at *United States v. Sylvin*, 10-13678. The date of the Eleventh Circuit

opinion was March 26, 2012. See <u>United States v. Sterlin</u>, 466 Fed.Appx. 792 (11th Cir. 2012). The Petitioner filed a petition for a writ of *certiorari,* which was denied by the United States Supreme Court on October 9, 2012. See <u>Sylvin v. United States</u>, 133 S.Ct. 452 (Mem.)(2012).

10. The Petitioner has not filed any petitions, applications, or motions with respect to the instant judgment in any federal court.

11. Not applicable

12. Following are the specific facts that the petitioner submits as grounds for his claims that his constitutional rights have been violated that this court needs to conduct an adversary evidentiary hearing at which the court can make such determinations. The petitioner's legal arguments and authorities are contained in the Memorandum of Law that is filed contemporaneously with this Petition.

## GROUNDS FOR RELIEF

### I.

**THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE HIS TRIAL ATTORNEY WAS INEFFECTIVE DURING THE PLEA NEGOTIATION STAGE OF THE PROCEEDINGS.**

After going over the discovery material that the government had provided pursuant to Fed. R. Crim. P. 16 and the local discovery rule, Mr. Greff and I came to the conclusion that the evidence against me was overwhelming. We immediately began to discuss possible plea options, as well as raising a defense based upon Constitutional (specifically, Fourth Amendment) violations.

During an attorney/client consultation, Mr. Greff advised me that the government had offered a ten year plea agreement but that he felt that he could win the case by arguing the Fourth Amendment issues. I told Mr. Greff that I thought that the ten year plea offer was a good deal but went along with his advice and decided to pursue the Fourth Amendment issues at the pretrial suppression hearing that was held in this case.

After our motion to suppress was denied, Mr. Greff advised me that the legal issue presented a possible "first impression" issue for the Eleventh Circuit Court of Appeals and also told me that the first ten year plea offer was no longer available. Mr. Greff told me now that the government would only agree to offer the ten year plea, if the other co-defendants in the case also agreed to plead guilty. We had a group meeting but co-defendants Sterlin and Taylor were looking at Armed Career Criminal sentences so that wanted a "capped plea," which was not the plea being offered. I wanted to have a second meeting so that Sterlin and Taylor would have a chance to speak further with their attorneys, but this never happened. This being the case, we were not able to enter into any "group plea," as the government now required, and the ten year plea offer was not available to me,

even though I wanted to take it. I was, of course, convicted at trial and received a sentence totaling 216 months (18 years).

I feel that I was deprived of my Sixth Amendment right to the effective assistance of counsel due to my trial attorney's failure to allow me to accept the first ten year plea offer, his failure to arrange a second pretrial meeting that I had requested with the other defendants and their attorneys, his failure to advise me of the possible sentences that I faced by going to trial, his failure to advance a coherent trial strategy, and, finally (as is argued in Issue II, *infra*), his failure to preserve my right to have my Fourth Amendment claims addressed by the Eleventh Circuit Court of Appeals, after my conviction and sentence.  My trial attorney failed to satisfy the constitutional standard for the effective assistance of counsel and violated my constitutional rights. This argument is set forth in greater detail in the attached memorandum of law.

## II.

**THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE HIS TRIAL ATTORNEY WAS INEFFECTIVE IN WAIVING MY RIGHT TO APPEAL THE FOURTH AMENDMENT ISSUES BY ENTERING INTO A STIPULATION WITH THE GOVERNMENT PRIOR TO MY SENTENCING HEARING.**

Prior to my sentencing hearing, Mr. Greff entered into an agreement with the government concerning my appellate rights. The agreement was this: I would give up my right to appeal any of the trial or pretrial issues (leaving only sentencing issues for direct appeal) in exchange for the government agreeing to dismiss all of the counts of the indictment that had been severed prior to trial. The agreement was presented to the court for its approval on April 30, 2010, the day after the jury verdict in my case. (D.E. 283). Mr. Greff explained this to me and assured me that it was the best thing for me. I was very concerned about my sentencing hearing and wanted to make sure that I was not sentenced to any additional prison time on the remaining counts of the indictment but I also wanted to make sure that I was able to appeal the Fourth Amendment issues that we had raised in our pretrial motion, especially since Mr. Greff had been so optimistic about these issues. I did not really understand the agreement, but Mr. Greff told me to agree to it. Mr. Greff told me that I would only get ten years in prison if I agreed to the stipulation but, of course, this ended up being untrue, as I was sentenced to 18 years. I was misinformed and my agreement to the stipulation was not free and voluntary.

I was so concerned about my sentence that the waiver of my appellate rights never really sunk in until after the sentencing hearing and my notice of appeal had been filed. Based on what Mr. Greff had explained to me and my own understanding of the facts and the law, I felt that we had a good Fourth Amendment issue to raise on appeal. If I would have fully understood that I was giving up my appellate rights by agreeing to Mr. Greff's stipulation, I never would

6

have done so. Through this stipulation, my trial attorney failed to satisfy the constitutional standard for the effective assistance of counsel and violated my constitutional rights. This argument is set forth in greater detail in the attached memorandum of law.

### III.

**THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHTS, BECAUSE THE TRIAL COURT RELIED UPON FACTS THAT HAD NOT BEEN PROVEN BEYOND A REASONABLE DOUBT AT TRIAL TO ENHANCE HIS SENTENCE.**

The indictment that I was brought to trial on charged me with one count of conspiracy to possess with intent to distribute more than 500 grams or more of cocaine and 5 grams or more of cocaine base and a substantive count of possession with intent to distribute 500 grams or more of cocaine. The jury found me guilty as charged and specified that the offenses involved 500 or grams or more of cocaine; the jury did not make a specific finding as to the specific amount of cocaine that I had possessed or conspired to possess. Prior to sentencing, the Presentence Investigation Report (PSR) adopted the government's position and recommended that I be held responsible for 6,987 grams of cocaine. Mr. Greff objected (without raising any Sixth Amendment objection) and requested an evidentiary hearing on this issue, but the court eventually found that the PSR recommendation was correct and denied both the objection and the request for an evidentiary hearing. Because of this ruling, my base offense level was found to be

32 (at least 5 kilograms but less than 15 kilograms), instead of 26 (at least 500 grams but less than 2 kilograms).

This guidelines sentencing issue was preserved and argued on direct appeal, with the Eleventh Circuit eventually affirming the court;  Mr. Greff did not raise any Sixth Amendment claims in the direct appeal.   On June 17, 2013, well after my direct appeal had been decided, the United States Supreme Court issued its opinion in <u>Alleyne v. United States</u>133 S.Ct. 2151 (2013).  This opinion held that, contrary to the Court's own precedent (e.g., <u>Harris v. United States</u>) any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor" and must be submitted to a jury before it can be used to enhance a defendant's sentence at a sentencing hearing.  I submit that the <u>Alleyne</u> decision represented a substantive ruling that can be applied retroactively on collateral review pursuant to the standards established in <u>Teague v. Lane</u>, 109 S.Ct. 1060 (1989).  Using <u>Alleyne</u>, the court's sentencing calculations were faulty and violated my Sixth Amendment rights.  This argument is set forth in greater detail in the attached memorandum of law.

## IV.

**THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING, BY COUNSEL'S FAILURE TO PRESENT TESTIMONY FROM CO-CONSPIRATORS WHO WERE WILLING TO CONFIRM THAT THE PETITIONER WAS NOT THE LEADER OF THE CONSPIRACY.**

One of the issues at my sentencing concerned the issue of whether or not the evidence supported a finding that I was "an organizer or leader" of the drug conspiracy at issue. Under the §3B1.1 of the sentencing guidelines, I qualified for a four-level Aggravating Role enhancement, if I was an organizer or leader. Mr. Greff did file an objection to the PSR recommendation that I be assessed the four-level enhancement and argued against the enhancement at the sentencing hearing. The court found that I did qualify for the enhancement, because the trial evidence showed that I was organizing and leading criminal activity that either involved five or more participants or was otherwise extensive. (D.E. 497-28-29).

After my sentencing, I was able to obtain affidavits from Eric Taylor and Frantz Sterlin, who were charged with being co-conspirators and who had both been found not guilty in the trial at which I was convicted. In these affidavits, both men confirmed that they had been willing to testify at my sentencing hearing that I had not been the leader of the conspiracy and that I did not have dominion over them during the conspiracy. Frantz Sterlin added that he had been willing to be a witness on my behalf during the guilt phase of the trial and would have testified that I had not been involved in any sort of drug conspiracy with him. Eric Taylor stated in his

affidavit that his attorney had refused to allow him to testify on my behalf at the sentencing hearing, and Frantz Sterlin did not mention whether or not he had been prevented from testifying by his attorney. These affidavits are attached as part of the appendix to this petition.

On these issues, Mr. Greff was constitutionally ineffective in failing to present or seeking to present the testimony of Taylor and Sterlin at my sentencing hearing. He failed to satisfy the constitutional standard for the effective assistance of counsel and violated the my constitutional rights. This argument is set forth in greater detail in the petitioner's memorandum of law.

13. None one of these grounds has been previously presented for review by either the trial court or the appellate court on direct appeal, although the sentencing issues were presented in a different perspective on direct appeal. Due to trial counsel's ineffective assistance, the petitioner did not raise the issues with the trial court and, again due to trial counsel's ineffective assistance, the grounds were not preserved at the trial level and, therefore, were not ripe for review by the appellate court.

14. There are no petitions, applications, appeals, or motions pending in any court as to the judgment under attack.

15. The petitioner has been represented by the following attorneys: (a) at all times during the trial and direct appeal proceedings by Barry Steven Greff, Esq., 1112 Weston Road, Suite 207, Weston, Florida 33326.

16. The petitioner sentenced on more than one count of the indictment at the same time. The petitioner was sentenced to concurrent 156 month sentences on the conspiracy and substantive drug counts, a concurrent term of 120 months on the possession of a firearm by convicted felon count, and sentenced to a consecutive term of 60 months on the possession of a firearm in furtherance of a drug trafficking crime count.

17. The petitioner has no other sentences to serve after the completion of the present sentence.

18. The petitioner's sentence became final when the United States Supreme Court denied his Petition for Writ of *Certiorari* on October 9, 2012. The instant petition is, therefore, timely filed within the one year specified by 28 U.S.C. §2255, paragraph 6.

WHEREFORE, the Petitioner requests that this Court grant this petition for writ of *habeas corpus,* discharge him from his unconstitutional confinement, and grant him such other and further relief as this Court shall deem proper.

        Respectfully Submitted,

        CLAYTON R. KAEISER, ESQ.
        Counsel for Petitioner
        2701 South Bayshore Drive, #605
        Coconut Grove, Florida  33133
        (305) 548-4888
        (305) 856-5537 (facsimile)
        clayton@clayrkpa.com


        BY:   /S/ Clayton R. Kaeiser
                CLAYTON R. KAEISER
                Florida Bar No. 348120


## VERIFICATION


STATE OF FLORIDA        )

PARRISH OF ALLEN       )

    I, JUNIOR SYLVIN, assert that, to the best of my knowledge, information, and belief, the foregoing is true.  I attest to this under penalty of perjury pursuant to Title 28 U.S.C. §1746.


        /S/ *Junior Sylvin
        JUNIOR SYLVIN

Date this ____ day of
_____, 2013.


/S/ *
NOTARY PUBLIC
State of Louisana at Large

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF this 9th day of October, 2013. I also certify that the foregoing document is being served this day on all counsel of record *via* CM/ECF.

/S/Clayton R. Kaeiser

\* Original Signature Page will be filed as a supplement to this petition after counsel receives it from incarcerated petitioner.

## SERVICE LIST

*United States of America v. Junior Sylvin*
Case No. 09-10164-CR-KING
United States District Court, Southern District of Florida

Robert J. Luck, Esq.
Assistant United States Attorney
99 N.E. 4th Street
Miami, Florida  33132
Email:  Robert.Luck@usdoj.gov
[*via* Notices of Electronic Filing generated by CM/ECF]